UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Petitioner,                               Case No. 1:07-mc-57

v                                                 Hon. Gordon J. Quist

SCOTT T. SWILER,

       Respondent.
_____/

**REPORT AND RECOMMENDATION**

       This is a proceeding to judicially enforce an Internal Revenue Service summons issued October 23, 2006 by Revenue Officer Lynn N. DeWerth of the Internal Revenue Service, to respondent, pursuant to 26 U.S.C. § 7602.  The summons arises out of an investigation into the tax liability of the respondent for the calendars years ending December 31, 19997, through 2005.  The summons was served on respondent by Revenue Officer DeWerth on October 23, 2006, by leaving an attested copy of the summons at his last and usual place of abode, but respondent failed to appear in response to the summons.

       A petition to enforce the summons was filed in this court on May 16, 2007, pursuant to 26 U.S.C. §§ 7402(b) and 7604(a).  On May 23, 2007, an Order to Show Cause was entered directing respondent to show cause why he should not be compelled to obey the summons.  The hearing was scheduled for this date and respondent failed to appear, nor did he file anything in response to the Order to Show Cause.

       On the basis of the petition, the declaration and testimony of the revenue officer, and

1

the other evidence offered at the hearing, I find petitioner has satisfied its burden of establishing a *prima facie* case that the investigation of the respondent referred to in the petition is being conducted pursuant to a legitimate purpose, that the information which petitioner seeks by use of the summons served on the respondent is relevant to that purpose, that the information sought thereby is not already within the possession of the Internal Revenue Service, and the administrative steps required by the Internal Revenue Code to obtain such information have been followed.  See, for example, *United States v. Powell,* 379 U.S. 48, 57-58 (1964); *United States v. Garden State National Bank,* 607 F.2d 61, 68 (3rd Cir. 1979).  I further find respondent was adequately served with an attested copy of the summons and that he failed to appear in response thereto.  I further find that there was no referral for criminal prosecution of the taxpayer for the years under investigation in effect at this time.

   Once a *prima facie* case has been established, the burden shifts to the taxpayer to disprove one of the elements of the government's *prima facie* case or convince the court that enforcement of the summons would constitute an abuse of the court's discretion.  *La Mura v. United States,* 765 F.2d 974, 979-80 (11th Cir. 1985).  Since respondent has failed to appear or file anything in response to the Order to Show Cause, I respectfully recommend that an order be entered compelling respondent to comply with the terms of the summons heretofore served upon him, and that said order specify a time, date and place for such compliance.  Further, in light of respondent's

complete failure to respond to this court's order to show cause, I recommend costs be assessed as requested by petitioner.

Entered: July 12, 2007                             /s/ Hugh W. Brenneman, Jr.
                                                   HUGH W. BRENNEMAN, JR.
                                                   United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).